Justice Scalia,
with whom Justice Thomas joins, concurring.
As framed and argued by the parties, this case presents a question under the Free Speech Clause of the First Amendment. I agree with the Court’s analysis of that question and join its opinion in full. But it is also obvious that from the start, the case has been litigated in the shadow of the First Amendment’s Establishment Clause: the city wary of associating itself too closely with the Ten Commandments monument displayed in the park, lest that be deemed a breach in the so-called “wall of separation between church and State,” Reynolds v. United States, 98 U. S. 145, 164 (1879); respondent exploiting that hesitation to argue that the monument is not government speech because the city has not sufficiently “adopted” its message. Respondent menacingly observed that while the city could have formally adopted the monument as its own, that “might of course raise Establishment Clause issues.” Brief for Respondent 34, n. 11.
The city ought not fear that today’s victory has propelled it from the Free Speech Clause frying pan into the Establishment Clause fire. Contrary to respondent’s intimations, *483 there are very good reasons to be confident that the park displays do not violate any part of the First Amendment.
In Van Orden v. Perry, 545 U. S. 677 (2005), this Court upheld against Establishment Clause challenge a virtually identical Ten Commandments monument, donated by the very same organization (the Fraternal Order of Eagles), which was displayed on the grounds surrounding the Texas State Capitol. Nothing in that decision suggested that the outcome turned on a finding that the monument was only “private” speech. To the contrary, all the Justices agreed that government speech was at issue, but the Establishment Clause argument was nonetheless rejected. For the plurality, that was because the Ten Commandments “have an undeniable historical meaning” in addition to their “religious significance,” id., at 690 (opinion of Rehnquist, C. J.). Justice Breyer, concurring in the judgment, agreed that the monument conveyed a permissible secular message, as evidenced by its location in a park that contained multiple monuments and historical markers; by the fact that it had been donated by the Eagles “as part of that organization’s efforts to combat juvenile delinquency”; and by the length of time (40 years) for which the monument had gone unchallenged. Id., at 701-703. See also id., at 739-740 (Souter, J., dissenting).
Even accepting the narrowest reading of the narrowest opinion necessary to the judgment in Van Orden, there is little basis to distinguish the monument in this case: Pioneer Park includes “15 permanent displays,” ante, at 464 (opinion of the Court); it was donated by the Eagles as part of its national effort to combat juvenile delinquency, Brief for Respondent 3; and it was erected in 1971, ibid., which means it is approaching its (momentous!) 40th anniversary.
The city can safely exhale. Its residents and visitors can now return to enjoying Pioneer Park’s wishing well, its historic granary — and, yes, even its Ten Commandments monument — without fear that they are complicit in an establishment of religion.